UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| In re:<br><br>MARK JOSEPH KORIS,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-12759 (MSH) |
|---|---|

## SETTLEMENT STIPULATION BETWEEN TRUSTEE AND FRANCINE KORIS

John O. Desmond, Chapter 7 Trustee (the "**Trustee**") of Mark Joseph Koris (the "**Debtor**") and the Debtor's spouse Francine Koris ("**Francine**") hereby agree to a settlement as follows:

### BACKGROUND

1. On March 27, 2018, Mark Joseph Koris, (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code and thereafter John O. Desmond was appointed and became the Trustee (the "Trustee").

2. Based on the Debtor's Schedules and on recorded documents at the Norfolk County Registry of Deeds, the Trustee determined that the Estate has an interest in the property located at 11 Heath Hill Road, Brookline, Massachusetts (the "**Brookline Property**").

3. The Trustee has visited and inspected the Brookline Property, observing that the Brookline Property is in a deteriorating condition, including damage relating to an unrepaired ceiling and hole in the basement and other unsafe conditions. The Brookline Property has not been maintained in over a decade for lack of funds. There is also reportedly no funds available for insurance for the Brookline Property.

4. Francine has asserted that the circumstances surrounding the eroding conditions of the Brookline Property stems from a precipitous, drastic and unexpected loss of the family's

income due to a severely debilitating, life-threatening stroke suffered by the Debtor which left the Debtor permanently disabled and in need of care by Francine and which also prevents Francine from seeking gainful employment.

5. From 2006 through 2017 the Debtor received monthly disability payments. However, after recently turning 65, his income now is solely from social security and is woefully insufficient to pay obligations other than non-discretionary life necessities and the critical care required by the Debtor not paid by Medicare.

6. Francine acknowledges that in August, 2012, she purchased real property in Ipswich, Massachusetts (the "**Ipswich Property**"). In May, 2017, Francine transferred the Ipswich Property to their children subject to a life estate for Francine. Upon review of the title and assessment there is meaningful equity in the Ipswich Property.

7. Francine handles the financial affairs for the Debtor.

8. The Debtor's schedules also list monthly payments to insiders which may also be recoverable by the Trustee.

9. Francine acknowledges, and the Trustee and/or the broker employed by the Trustee to sell the Brookline Property (the "Broker") has confirmed the following:

    a. Any foreclosure sale will neither generate value close to a market sale price nor provide Francine, the Debtor and her ninety-two (92) year old mother monies to move and relocate, thereby chilling any foreclosure and incentivizing Francine to vigorously defend any eviction proceedings in the event of foreclosure;

    b. That Francine's early efforts in the bankruptcy case to sell the Brookline Property with her own broker did not generate any acceptable offers.

2

  c. A section 363 sale has already generated competitive bidding and likely significant proceeds of sale ("Sale Proceeds") and with Francine's cooperation with the Broker will further enhance the prospects for a competitive bidding process to achieve the optimum results.

  d. A sale at market value will substantially reduce Francine's recourse obligations.

  e. The Brookline Property is not insured and no funds are available for insurance to avoid more pronounced damage.

  f. Given the dramatic decrease in the Debtor's income and with Francine as a caretaker unable to generate income there are insufficient funds to adequately protect the Brookline Property for the forthcoming winter.

  g. Neither Francine nor the Debtor have paid monies for either mortgages on the Brookline Property in at least eight years and have no monies (other than a protected 401K with withdrawals subject to taxes, which the Debtor will not nor has any obligation to withdraw) to make payment while they occupy the Brookline Property.

NOW, THEREFORE, the Trustee and Francine stipulate and agree as follows:

  1. Francine consents to the Trustee selling the Brookline Property free and clear of her interest as a co-owner, pursuant to 11 U.S.C. § 363(h), and assents to the Court's allowance of the pending Sale by Motion (Docket #54) (the "Sale Motion") pursuant to 11 U.S.C. § 363(h) (the "Sale").

  2. The Trustee, upon consummation of a sale of the Brookline Property, pursuant to § 363 will waive any and all claims against Francine and her and the Debtor's children, including any claim or interest in the Ipswich Property located at 2 Cliff Road, Ipswich, Massachusetts.

3

3. Francine agrees to continue to cooperate with the Trustee and the Broker and shall take all reasonable steps necessary to (a) ensure that the Broker can continue to readily access the Brookline Property for showings, open houses and inspections, and (b) to cooperate in timely vacating and removing any personal property and all occupants from the Brookline Property.

4. The Trustee agrees and has requested in the Sale Motion monies necessary for the packing and moving of the contents of the Brookline Property at no expense to Francine or the Debtor.

5. The proceeds of the Sale of the Brookline Property shall be used to pay the Sale Related Costs as defined in the Sale Motion and obligations of the Debtor (including Debtor's Estate) and for the mortgages on the Property and taxes (for which Francine is also liable) to the extent of available Sale Proceeds.

6. Francine waives (or subordinates) her rights to payment, if any, for her interest under § 363(j) to the Debtor's claimed homestead exemption to the extent there exists any remaining Sale Proceeds after all claims of the Estate are paid in full and monies remain to pay the Debtor's exemption.

7. Francine agrees to cause to have executed all documents and undertake all reasonable steps necessary to effectuate the sale of the Brookline Property by the Trustee, including executing a deed either to the Trustee or the successful bidder if requested.

8. The Trustee shall benefit from all deductions and credits for which the Debtor and Francine may otherwise be entitled, including but not limited to capitalized improvements, payment of real estate taxes and interest payments to mortgage holder(s).

9. Francine assigns her $250,000.00 deduction for which she is entitled under existing tax laws regarding the sale of real estate occupied as a personal residence so that the

4

13. Francine is represented by Counsel and is entering into this Agreement freely and voluntarily and understands this Agreement.

So Agreed,

_____
John O. Desmond, Chapter 7
Trustee of Mark Joseph Koris

And by his Counsel

_____
Alan L. Braunstein
Riemer & Braunstein, LLP
1 Center Plaza
Boston, MA 02108

_____
Francine Koris

And by her attorneys,

_____
Todd S. Dion, Esquire
15 Cottage Ave, Suite 202
Quincy, MA 02169

2400446.5

6

13. Francine is represented by Counsel and is entering into this Agreement freely and voluntarily and understands this Agreement.

So Agreed,

_____  11-27-18
John O. Desmond, Chapter 7
Trustee of Mark Joseph Koris

And by his Counsel

_____
Alan L. Braunstein
Riemer & Braunstein, LLP
1 Center Plaza
Boston, MA 02108

_____
Francine Koris

And by her attorneys,

_____
Todd S. Dion, Esquire
15 Cottage Ave, Suite 202
Quincy, MA 02169

2400446.5