UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>MARK JOSEPH KORIS,<br><br>Debtors. | Chapter 7<br><br>Case No. 18-12759 (MSH) |

**ORDER APPROVING MOTION BY CHAPTER 7 TRUSTEE CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER (1) PURSUANT TO SECTION 363 (A) AUTHORIZING AND APPROVING SALE OF REAL PROPERTY LOCATED AT 11 HEATH HILL ROAD, BROOKLINE, MASSACHUSETTS, SUBJECT TO COUNTEROFFERS; (B) AUTHORIZING SUCH SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS OF CO-OWNER; (C) GRANTING OTHER RELATED RELIEF, INCLUDING WITH RESPECT TO CERTAIN SALE RELATED CHARGES AND (D) AUTHORIZING AND APPROVING SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND WELLS FARGO HOME MORTGAGE**

This matter having come before this Court upon the *Chapter 7 Trustee's Motion For an Order Pursuant to Section 363 (A) Authorizing And Approving Sale of Real Property Located At 11 Heath Hill Road, Brookline, Massachusetts, Subject to Counteroffers; (B) Authorizing Such Sale Free and Clear of All Liens, Claims, Encumbrances, And Other Interests of Co-Owner; (C) Granting Other Related Relief, Including With Respect to Certain Sale Related Charges and (D) Authorizing and Approving Settlement Agreement Between Wells Fargo Home Mortgage* (the "**Sale Motion**")[1] filed by John O. Desmond, the Trustee in the above-captioned case (the "**Trustee**"), seeking entry of an order authorizing the Trustee to sell the real property located at 11 Heath Hill Road, Brookline, Massachusetts (the "**Real Property**") to the bidder submitting the highest and best offer in connection with a proposed sale, free and clear of all liens, claims, encumbrances and interests (including interest of any co-owner), with such liens, claims, interests and encumbrances to attach to the net proceeds of the sale as set forth in the Sale

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Sale Motion.

Motion and as modified by the Agreement Between Trustee and Wells Fargo Home Mortgage re Sale Motion and Sale Related Charges (the "Agreement"). The Court has determined that the final bid is in the amount of $1,747,000.00 and the successful bidder is 11 Heath Hill LLC (the "**Purchaser**") with the back up bidder being Edouardo Andressenko in the amount of $1,707,000.00 (the "Back-Up Bidder"). The sale closing to the Purchaser or the Back-Up Bidder shall be as set forth in Exhibit "A" and Exhibit "B".

No objections, having been filed. It appears that due and sufficient notice of the Sale Motion and the relief granted by this Order has been provided. This court is satisfied that the relief requested in the Sale Motion is in the best interests of the Debtor's bankruptcy estate (the "**Estate**"); and after due deliberation in good cause appearing therefore:

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Purchaser is a purchaser in good faith and entitled to the protections of 11 U.S.C. § 363(m), as is the Back-Up Bidder.

B. The sale is in the best interests of the Debtor, the Estate and his creditors.

C. This Court has jurisdiction over the Sale Procedures Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). Consideration of the Sale Procedures Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. Good and sufficient notice of the relief sought in the Sale Procedures Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Sale Procedures Motion has been afforded to interested persons and entities, including (i) Mark Joseph Koris, (the "**Debtor**") (ii) Wells Fargo Home Mortgage (the "**Bank**"), (iii) the United States Trustee, (iv) all taxing authorities as required

under the Local Rules (v) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002, (vi) all known creditors of the Debtor, and (vi) known parties who have asserted a lien or interest in the Real (collectively, "**Notice Parties**").

    E.    The proposed Notice of Sale is good, appropriate, adequate, and sufficient, and service on the Notice Parties is reasonably calculated to provide all interested parties timely and proper notice of the 363 Sale and no other or further notice of the 363 Sale and Sale Hearing is required.

    F.    The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Motion, including this Court's approval of the Stipulation with Francine Koris and her consent the Sale Motion and Sale under section 363 (h) and approval of the form and manner of service of the Notice of Sale.

    G.    The Trustee has articulated good and sufficient reasons for, and the best interests of the Estate will be served by the relief requested in the Sale Motion and Sale of the Real Property free and clear of any and all interests in the Real Property including, but not limited to, any and all liens, claims and encumbrances (collectively, "**Interests**").

NOW, THEREFORE, IT IS HEREBY ORDERED THAT,

    1.    The terms of the Sale Motion are granted, together with and as modified by the Agreement.

    2.    The Trustee is authorized to sell the Real Property to the Purchaser in accordance with the terms of the Sale Motion and the Purchaser's sale agreement or to the Back-Up Bidder pursuant to his purchase and sale agreement if the Purchaser fails to close by December 28, 2018.

3. The Real Property shall be delivered to the Purchaser in "as is" "where is" "how is" condition except as expressly set forth in the Sale Motion.

4. The Sale shall be free and clear of all existing liens, claims, encumbrances, and interests, including any co-owner interest which such liens, claims, encumbrances and interests to attach to the net proceeds of the sale of the Real Property as set forth in the Sale Motion.

5. The Trustee is hereby authorized pursuant to the Bankruptcy Code, to:

a. Execute any and all deeds, conveyances, assignments, agreement, easements, instruments, amendments, schedules and other documents necessary to assume and effectuate the sale of the Real Property;

b. Pay all necessary administrative costs and expenses arising in connection with the Sale, including but not limited to: (a) the Amended Sale Related Charges as set forth in the Agreement without further orders of the Court.

6. The Trustee is further authorized to pay the Bank as set forth in the Agreement.

7. This Order shall be enforceable immediately upon entry, shall not be subject to any stay of enforcement, including any stay provide by Bankruptcy Rule 6004. The provisions of this Order shall be self-executing.

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

DATED: December 19, 2018

4

## Exhibit "A"

Closing for the Purchaser shall occur at:

    Russell & Associates
    200 Highland Avenue
    Sutie 304
    Needham, MA 02494

On December 28, 2018 at 12:00 noon.

# Exhibit "B"
# (Back-Up Bidder)

The Back-Up Bidder is Edouard Androssenko in the amount of $1,707,000 with no contingencies and shall close at 10:00 a.m. on December 31, 2018 at closing counsel's office in Newton Centre, Massachusetts so as to be on record and make all disbursements, including by wire to the Bank on December 31, 2018.

2422916.2